# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 16-52296 |
| Scott Allen Farwell<br>Markelle Leigh Farwell, | CHAPTER 13 |
| Debtors | JUDGE ALAN M. KOSCHIK |

## MOTION TO AVOID JUDICIAL LIEN ON THE DEBTORS' REAL PROPERTY PURSUANT TO 11 U.S.C. §506(a) AND 522(f)

The Debtors, Scott Allen Farwell and Markelle Leigh Farwell (collectively, the "Debtors"), by and through counsel, hereby move pursuant to 11 U.S.C. §§ 506(a) and 522(f) for an order determining the judgment lien of the Ohio & Vicinity Carpenters' Fringe Benefit Funds, Inc. ("Ohio Carpenters") to be an unsecured non-priority claim in the amount of $148,735.85 and avoided. For cause, the Debtors state as follows:

## MEMORANDUM IN SUPPORT

1. This bankruptcy case was commenced by the filing of a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on September 21, 2016.

2. Under Rule 4003(d), a proceeding to avoid a judicial lien may be brought by motion. *In re Fuller*, 255 B.R. 300, 305 (Bankr. W.D. Mich. 2000) ("Rule 7001(2) itself provides that a lien is exempt property which is either a judicial lien or which is a non-possessory, non-purchase lien in household furnishings or certain other property may be set aside by motion instead of an adversary proceeding.").

3. The judgment lien held by Ohio Carpenters has a secured value pursuant to 11 U.S.C. §§ 506(a) and 522(f) in the amount of $148,735.85. A copy of the certificate of judgment recorded in the records of the Summit County Court of Common Pleas, Summit County, Ohio as JL-2016-5110 is attached as Exhibit A.

4. The Debtors jointly own real estate located at 4239 Landsbury Ct., Akron, Ohio 44321, known as Parcel No.: 1506738. The Debtors' interest in the real property is fee simple.

5. The Debtors' interest in the real property was valued at the time of the bankruptcy filing to be $301,720.00 by the Summit County Auditor. See attached Exhibit B.

6. The Debtors' interest in the real property is encumbered by a first mortgage to Chase Bank in the amount of $263,291.00 attached as Exhibit C. The amount owed at the Petition Date was $239,137.48 based upon the proof of claim attached as Exhibit D.

7. The Debtors are entitled to a homestead exemption of $60,702.00 pursuant to O.R.C. §2329.66(A)(1).

8. The Bankruptcy Code, pursuant to 11 U.S.C. § 522(f)(1)(A), allow Debtors to avoid judicial liens on exempted property to the extent that the liens impair the exemption. Section 522(f)(1) states, in relevant part, "Notwithstanding any waiver of exemptions, but subject to paragraph (3), the Debtors may avoid the fixing of a lien on an interest of the Debtors in property to the extent that such lien impairs an exemption to which the Debtors would have been entitled under subsection (b) of this section, if such lien is… (A) a judicial lien…"

9. Section 522(f)(2)(A), which defines "impairment," provides, in relevant part, that a lien shall be considered to impair an exemption to the extent that the sum of -

   (i)   the lien:
   (ii)  all other liens on the property; and
   (iii) the amount of the exemption that the Debtor could claim if there were not liens on the property; exceeds the value that the Debtor's interest in the property would have in the absence of any liens.

10. In viewing the facts most favorable to the Judgment Lien holder listed in Paragraph Three (3) above, in the best scenario for the Judgment Lien holder, the property is fully encumbered and the Judgment Lien impairs the Debtors' exemption.

11. The Debtors' applicable Homestead Exemption of $273,850.00 fully protects the

Debtors' interest in the equity, if any, in the Residence and the Debtors' Homestead Exemption is impaired by the Judgment Lien. Because the lien impairment is greater than the value of the Judgment Lien, the entire amount of the Judgment Lien impairs the Debtors' interest in the property. Therefore, the entire amount of the Judgment Lien should be avoided pursuant to 11 U.S.C. §522.

12. Pursuant to 11 U.S.C. § 522(f), the judgment lien of Ohio & Vicinity Carpenters' Fringe Benefit Funds, Inc. on the property should be avoided in full. *See also Holland v. Star Bank, N.A. (In re Holland)*, 151 F.3d 547 (6th Cir. 1998) (holding that, pursuant to §522(f), Ohio homestead exemption could be used to avoid judicial liens on the Debtors' property, even absent forced judicial sale or pending involuntary execution, and because amount of impairment exceeded amount of creditor's liens sought to be avoided, liens would be avoidable in full).

13. Avoidance of the Judicial Lien in the present case is consistent with the purposes of federal bankruptcy law. *See In re Miller*, 198 B.R. 500, 505 (Bankr. N.D. Ohio 1996) ("One of the purposes of bankruptcy is to allow for the fair treatment of similarly situated creditors, thus preventing creditors' rights from being determined by a race to the courthouse. Another purpose is to provide the Debtors with a fresh start. It cannot be disputed that if a judgment creditor [were] allowed to retain its lien on the real property of the Debtors … it [would] very likely be able to ascertain the payment of its debt that other creditors, otherwise similar to the judgment creditor, would not be able to obtain. Thus, the judgment creditor [would be] allowed to circumvent the treatment of other creditors under the Bankruptcy Code simply because it [had] raced to the courthouse, obtained a judgment, and placed a lien on the Debtors' fully encumbered real property. Further, the Debtors would probably be precluded from ever gaining any equity in the property, therefore impairing his fresh start.")

**WHEREFORE**, based on all of the foregoing facts and legal authorities, the Debtors

respectfully request the Motion be granted, and that the Judicial Lien of Ohio & Vicinity Carpenters' Fringe Benefit Funds, Inc. on the property be avoided in its entirety, <u>without a hearing, pursuant to Title 11 U.S.C. § 102(1)(b)(I) and Local Bankruptcy Rule 9013-1, unless a Response is filed or a hearing is requested within **twenty-one (21) days** after service of this motion and for such other and further relief as is just and equitable</u>.

Respectfully Submitted,

BRENNAN, MANNA & DIAMOND, LLC

<u>/s/ Michael A. Steel</u>
Michael A. Steel (0072367)
75 Market Street
Akron, Ohio 44308
Phone (330) 374-7471
Fax (330) 374-7472
masteel@bmdllc.com
*Attorney for Debtors*

# **NOTICE**

**Pursuant to LBR 9013-3 Notice is hereby given that any response or objection must be filed within <u>twenty-one (21) days</u>, or such other time as specified by applicable Federal Rules of Bankruptcy Procedure or statute or as the Court my order, from the date of service as set forth on the certificate of service, if relief sought is opposed, and that the Court is authorized to grant the relief requested without further notice unless a timely objection is filed.**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served electronically this 12th day August, 2020, to the following:

Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

- U.S. Trustee
- Matthew Ian Henzi on behalf of Ohio & Vicinity Carpenters' Fringe Benefit Fund, Inc. mhenzi@swappc.com
- Richard P. Schroeter, Jr. on behalf of Bureau of workers compensation and Ohio Department of Taxation rschroeter@amer-collect.com
- Mia L. Conner on behalf of JPMorgan Chase Bank, N.A. nohbk@lsrlaw.com
- Daniel C. Wolters on behalf of Nationstar Mortgage, LLC amps@manleydeas.com
- Wade T. Doerr on behalf The Huntington National Bank wade@nwm-law.com
- Edwin Breyfogle on behalf of William Walter, edwinbreyfogle@gmail.com

Via FedEx to:

Matthew Ian Henzi
Sullivan Ward Asher & Patton
25800 Northwestern Hwy, Suite 1000
Southfield, MI 48075
*Counsel for Ohio & Vicinity Carpenters' Fringe Benefit Fund, Inc.*

Ohio Carpenters' Fringe Benefit Fund
Attn: Chief Legal Officer
Park Center Plaza 1
6100 Oak Tree Blvd., Ste. 190
Independence, OH 44131

                                              */s/ Michael A. Steel*
                                              Michael A. Steel (0072367)